UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JUSTIN KING,**

    **Plaintiff,**

v.                                           **Case No. 8:20-cv-1233-T-AAS**

**JAMOND CLARK, et al.,**

    **Defendants.**
_____/

## ORDER

Defendants Jamond Clark and Stevens Transport, Inc. (collectively, the defendants) move for an order compelling the Florida Highway Patrol (FHP) to produce unredacted computer aided dispatch (CAD) notes and 911 audio recordings related to the accident at issue. (Doc. 25). This request is unopposed. (*Id.* at p. 8).

This is a personal injury action arising out of a motor vehicle accident. (Doc. 1). FHP investigated the accident. (Doc. 25, Ex. A). The defendants believe there are witnesses to the accident or just before the accident but cannot identify or contact the witnesses without the unredacted CAD notes and the 911 audio recordings.[1]

---

[1] The defendants requested the CAD notes and 911 audio recordings, but FHP provided redacted copies. (Doc. 25, Ex. B). FHP will not provide unredacted notes without a court order.

1

Florida's Public Records Law, Chapter 119 Florida Statues, provides a right of access to the records of state and local government. For the public records law, the term "public records" is defined to include all documents, tapes, sound recordings or other material made or received under law or ordinance or in connection with the transaction of official business by any agency. Fla. Stat. § 119.011(12). The Public Records Act is to be liberally construed in favor of open government, and exemptions from disclosure are to be narrowly construed so they are limited to their stated purpose. *Gillum v. Tribune Company*, 503 So. 2d 327 (Fla. 1987).

The CAD notes requested are public records under Florida's Public Records Law and must be compelled. However, Florida Statute section 365.171 exempts the names and other identifying information of 911 callers from the public disclosure requirements of the Public Records Act. But "courts may order a governmental or law enforcement agency to open its records for the purpose of providing information that is exempt from disclosure under the Florida Public Records Act ... upon a showing of 'exceptional necessity' or 'extraordinary circumstances.'" *Crews v. Hensley*, No. 3:05-CV-1288-J-12MCR, 2006 WL 1679596, at *1 (M.D. Fla. June 13, 2006) (citing *Henderson v. Perez*, 835 So. 2d 390, 392 (Fla. 2d DCA 2003)).

The defendants cannot identify witnesses to the accident without the unredacted CAD notes and the 911 audio recordings. (Doc. 25, p. 7). The information is not readily obtainable from any other source and may be critical to resolving the parties' dispute. (*Id.*). Exceptional circumstances exist to compel the production of the 911 recordings. *See Cerra v. Bounds*, No. 6:18-CV-76-ORL-22DCI, 2018 WL 5084722, at *1 (M.D. Fla. June 7, 2018) ("[T]he Court finds exceptional necessity exists and Plaintiff has a compelling interest in discovering the identity of any persons who may have made 911 phone calls relating to the accident at issue in this case."); *Crews*, 2006 WL 1679596, at *2 (same).

Accordingly, the defendants' motion to compel (Doc. 25) is **GRANTED** to the extent that FHP must produce the unredacted CAD notes and the 911 audio recordings related to the accident at issue in this action.

**ORDERED** in Tampa, Florida on March 25, 2021.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

cc:

Florida Highway Patrol – Troop Q,
C/O Glenn D. Hedgecoth, FMRCC Manager,
Fort Myers Regional Communications Center,
10041 Daniels Parkway, Fort Myers, Florida 33913